UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PALTERNA, LTD.,

                         Plaintiff,

        -against-

JACOB & COMPANY WATCHES, INC.

                         Defendant.

25-CV-00472 (JGK) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Defendant's motion for attorneys' fees in connection with a settlement conference that was not attended by Plaintiff's principal and at which, according to Defendant, Plaintiff failed to negotiate in good faith. (**ECF 35**.) That motion is fully briefed. (ECF 36, 37, 38.) The settlement conference in question took place under my supervision; additionally, Defendant's motion is non-dispositive and falls within the scope of my reference for that reason as well. (ECF 21.) For the reasons set forth below, the pending sanctions motion is **DENIED**.

For corporate and labor-union parties, my individual practices require the presence in person at settlement conferences of "the person with decision-making authority to settle the matter." Individual Practices of Magistrate Judge Robyn F. Tarnofsky, Rule V.F. I held a settlement conference in this case on May 29, 2026. The individuals on behalf of Plaintiff Palterna LTD were Steven B. Shapiro, Plaintiff's counsel, and Scott J. Shapiro (ECF 36), who affirms under penalty of perjury in connection with the pending sanctions motion that he is Plaintiff's U.S. agent-representative and that he had full settlement authority (ECF36-2). Plaintiff's principal, Gianluca Vitelli, appeared by telephone during my ex parte sessions with Plaintiff. (ECF 36.) I will not delve into the communications to me during my confidential ex

parte sessions with Plaintiff, but it was not my impression at the time that Scott J. Shapiro had any significant settlement authority; rather my impression was that ultimate settlement authority was held by Mr. Vitelli. I admonished Steven B. Shapiro for not arranging for Mr. Vitelli's presence in person, but I decided not to pursue the matter because (1) had Steven B. Shapiro asked permission before the conference for Mr. Vitelli to appear by telephone, I would have granted the request and would not have required Mr. Vitelli to fly in from London; and (2) Mr. Vitelli was available to speak with me by phone. I have on many occasions assisted parties in bridging their differences and negotiating a settlement when one or more parties appeared remotely.  I therefore do not believe that the prospects of settlement were diminished significantly by Mr. Vitelli's appearance by telephone.

Furthermore, I do not believe that the parties failed to achieve a settlement because Plaintiff was negotiating in bad faith. My perspective is that the parties were unable to reach an agreement because they have different views about the strength of Plaintiff's case.

As to the representations about whether Scott J. Shapiro had settlement authority, my subjective impression notwithstanding, I have no concrete basis for disbelieving the sworn statements by Scott J. Shapiro and Mr. Vitelli that Scott J. Shapiro is a U.S. agent-representative of Plaintiff who had full settlement authority. I do not believe that further investigation into this collateral matter would be a sound use of judicial resources.

The Clerk of Court is respectfully requested to terminate **ECF 35**.

DATED:  June 29, 2026                          SO ORDERED.
             New York, NY

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**